IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  4:23-cv-00568 |
| v. | ) |
| | ) Removed from the Circuit Court of |
| METROPOLITAN LIFE INSURANCE | ) Cass County, Missouri |
| COMPANY, | ) Case No. 23CA-CC00162 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Metropolitan Life Insurance Company ("MetLife"), and gives notice that the above-captioned action, initiated in the Circuit Court of Cass County, Missouri, on or about July 6, 2023, and assigned Case No. 23CA-CC00162, has on this 11th day of August, 2023, been removed to the United States District Court for the Western District of Missouri.  As grounds for removal, MetLife states:

1.      On or about July 6, 2023, an action was commenced in the Circuit Court of Cass County, Missouri, titled *Michael Burton, Plaintiff, v. Metropolitan Life Insurance Company, Defendant*, and there designated as Case No. 23CA-CC00162.  A copy of the Petition and Summons served on MetLife by service upon MetLife's registered agent, CT Corporation, on July 19, 2023, is attached hereto as Exhibit A.  A copy of the state court file is attached hereto as Exhibit B.  No further proceedings have been had in this action, nor have any other processes, pleadings or orders been served on MetLife.

2.      As shown by the Petition, this is an action to recover life insurance benefits after the death of Plaintiff's son.

1

3. The life insurance benefits sought by Plaintiff are the benefits of an employee welfare benefit plan, the Lowe's Welfare Plan (the "Plan") sponsored by Plaintiff's employer, Lowe's Companies, Inc. ("Lowe's"), and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et. seq.* An employee welfare benefit plan is defined at 29 U.S.C. §1002(1) to include any program maintained by an employer for the purpose of providing benefits in the event of death, through insurance or otherwise, to participants or their beneficiaries. A true and correct copy of a Plan Document for the Plan is attached hereto as Exhibit C. Dependent Life Insurance benefits under the Plan were funded by a group policy of life insurance issued by MetLife to Lowe's.

4. ERISA preempts the state law claims alleged in Plaintiff's Petition and, at 29 U.S.C. § 1132(a)(1)(B), provides the exclusive remedy for resolution of claims by employee welfare benefit plan participants (and their beneficiaries and assignees) to recover benefits from such plans. ERISA, §§502(a)(1)(B) and 514, 29 U.S.C. §§1132(a)(1)(B) and 1144. The cause of action asserted in the Petition filed in state court, which is preempted by ERISA and comes within the scope of ERISA, §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), is removable to federal court under 28 U.S.C. §1441 as an action arising under the laws of the United States, specifically 29 U.S.C. §1132(a)(1)(B), even when the ERISA-related nature of the action does not appear on the face of the Petition. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

5. Plaintiff's action, regardless of the manner in which it is framed, is an action to recover benefits under an employee welfare benefit plan or to enforce or clarify rights under the terms of an employee welfare benefit plan. This action is therefore governed by ERISA, 29 U.S.C. §1001 *et seq.*, a comprehensive federal statute which also preempts state law claims, furnishes

2

controlling federal substantive law, and fully occupies the field concerning claims to be benefits of employee benefit plans. See 29 U.S.C. §1144; *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). Thus, Plaintiff's action is founded on a claim or right arising out of the laws of the United States, specifically 29 U.S.C. §1132(a)(1)(B), and may be removed to this Court, without regard to the amount in controversy. *See Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004).

6. The above-described action is therefore a civil action for damages of which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may properly be removed to this Court, pursuant to the provisions of 28 U.S.C. §1441, *et. seq*.

7. This Notice of Removal is filed within 30 days after service of the Summons and Petition on MetLife by service on MetLife's registered agent on July 19, 2023, and is timely filed under 28 U.S.C. §1446(b).

8. Written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law.

9. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cass County, Missouri, as required by law.

WHEREFORE, Defendant Metropolitan Life Insurance Company gives notice that the above action initiated in the Circuit Court of Cass County, Missouri, is hereby removed to the United States District Court for the Western District of Missouri for the reasons stated above.

3

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Ann E. Buckley
Ann E. Buckley          #26970
800 Market Street, Suite 2900
St. Louis, MO 63101
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
abuckley@buckleylawllc.com
Attorneys for Defendant
Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of August, 2023, a copy of the above and foregoing was filed electronically with the Clerk of the Court, using CM/ECF system, and was mailed, first class, postage prepaid, to:

Mr. Devin Mirfasihi
327 Armour
North Kansas City, MO  64116
Attorney for Plaintiff

/s/ Ann E. Buckley

4